**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

MAURICIO LEPE-CHOLICO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-170

(Crim. Case No.: 2:14-cr-12)

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Movant Mauricio Lepe-Cholico's ("Lepe-Cholico") unopposed Oral Motion to Dismiss his 28 U.S.C. § 2255 Motion with Prejudice. (Doc. 17.) For the reasons set forth below, I **RECOMMEND** that the Court **GRANT** Lepe-Cholico's Oral Motion to Dismiss, (id.), and **DISMISS with prejudice** his Section 2255 Motion, (doc. 1). Further, the Court should **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

### **BACKGROUND**

On December 1, 2015, Lepe-Cholico filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, contending, *inter alia*, that his guilty plea was involuntary because his counsel in his underlying criminal case affirmatively mispresented the deportation consequences of him pleading guilty. (Doc. 1.) After Respondent filed a Response, (doc. 7), and Lepe-Cholico filed a Reply, (doc. 12), the Court held an evidentiary hearing concerning Lepe-Cholico's Section 2255 Motion on April 10, 2018, (doc. 17). Lepe-Cholico had the benefit of counsel at this hearing and throughout his Section 2255 proceeding. (Doc. 2.)

**DISCUSSION**

At the evidentiary hearing, Lepe-Cholico, with the aid of his attorney, orally withdrew his pending Section 2255 Motion. (Doc. 17.) Lepe-Cholico maintained the merits of his Section 2255 Motion but explained that he was nonetheless dismissing it with prejudice because he risked losing the benefits of his plea deal should his Section 2255 Motion prove successful. (Id.) The Court inquired of Lepe-Cholico whether he had adequate time to consult with his attorney regarding his decision to withdraw his Section 2255 Motion and whether he was satisfied with his attorney's advice in this matter. (Id.) Lepe-Cholico stated that he had adequate time to consult and that he was satisfied with his attorney and had no complaints whatsoever. (Id.)

The Court also inquired whether Lepe-Cholico was currently suffering from any mental deficiency or under the influence of any substances, and Lepe-Cholico responded that he was not. (Id.) Lepe-Cholico then confirmed that no one was pressuring him to withdraw his Section 2255 Motion and that he indeed wanted to dismiss his Motion with prejudice. (Id.) When asked whether he understood the legal significance of a dismissal with prejudice, Lepe-Cholico responded that he did and that he understood he would not be allowed to bring a second, or successive, Section 2255 Motion, absent a change in law. (Id.) Finally, Lepe-Cholico noted that he had no questions about his decision to withdraw his Section 2255 Motion and that he understood his sentence would be carried out as originally imposed. (Id.)

The Court determined Lepe-Cholico had been adequately advised as to his decision to dismiss his Section 2255 Motion with prejudice. (Id.) The Court also determined Lepe-Cholico was of sound mind and had competently participated in the hearing. (Id.) Pursuant to Federal Rule of Civil Procedure 41(a)(2), once the opposing party serves an answer, "an action may be dismissed at the [movant's] request only by court order, on terms that the court considers proper.

Unless the order states otherwise, a dismissal under this paragraph [] is without prejudice." Rule 41(a)(2) applies to Section 2255 proceedings. Rule 12, Rules Governing Section 2255 Cases in the United States District Courts. Lepe-Cholico seeks dismissal of his Section 2255 Motion with prejudice, and Respondent does not oppose. (Doc. 17.) Accordingly, the Court should **GRANT** Lepe-Cholico's Oral Motion to Dismiss his 28 U.S.C. § 2255 Motion with Prejudice, (id.).

## CONCLUSION

As concluded at the hearing and for the reasons set forth above, I **RECOMMEND** that the Court **GRANT** Lepe-Cholico's Oral Motion to Dismiss his 28 U.S.C. § 2255 Motion with Prejudice, (id.), and **DISMISS with prejudice** his Section 2255 Motion, (doc. 1). Further, the Court should **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Lepe-Cholico and the United States Attorney for the Southern District of Georgia.

**SO ORDERED**, this 25th day of April, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA